Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000388
30-JAN-2014
08:05 AM

NO. CAAP-11-0000388

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
KIMO KANEAKUA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CR. NO. 3P1-09-00260)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Kimo Kaneakua (**Kaneakua**) appeals from the Notice of Entry of Judgment and/or Order, filed on April 28, 2011 in the District Court of the Third Circuit, Puna Division (**District Court**).[1]

Kaneakua was convicted of Assault in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-712(1)(a) (1993), and sentenced to a one-year term of probation, with a six-month period of incarceration.[2]  Kaneakua's term of

---

[1]     The Honorable Harry P. Freitas presided.

[2]     HRS § 707-712 states:

   § 707-712 **Assault in the third degree.**  (1) A person commits the offense of assault in the third degree if the person:

   (a)     Intentionally, knowingly, or recklessly causes bodily injury to another person; or

   (b)     Negligently causes bodily injury to another person with a dangerous instrument.

(continued...)

imprisonment, except for a ten-day period, was stayed pending this appeal.

On appeal, Kaneakua contends: (1) the District Court erred by prohibiting testimony of two defense witnesses as a discovery sanction; (2) there was insufficient evidence to support his conviction; and (3) he received ineffective assistance of trial counsel.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant rules, statutes, and case law, we resolve Kaneakua's points of error as follows:

"A court has broad discretion in the decision to impose discovery sanctions." State v. Marzo, 64 Haw. 395, 641 P.2d 1338 (1982). "Because imposition of such a sanction is addressed to the sound discretion of the trial court, we will not disturb the trial court's decision unless there has been an abuse of that discretion." State v. Ahlo, 79 Hawai'i 385, 398, 903 P.2d 690, 703 (App. 1995).

Here, Kaneakua contends that the District Court abused its discretion under Hawai'i Rules of Penal Procedure (**HRPP**) Rule 16 by precluding testimony of two witnesses as a discovery sanction for failing to comply with the District Court's order to disclose to the State their names, addresses, telephone numbers, a brief statement of their testimony, and their dates of birth.

HRPP Rule 16 provides, in relevant part:

Rule 16. Discovery.

> *(a) Applicability.* Subject to subsection (d) of this rule, discovery under this rule may be obtained in and is limited to cases in which the defendant is charged with a felony, and may commence upon the filing in circuit court of an indictment, an information, or a complaint.
>
> . . . .

---

[2](...continued)
> (2) Assault in the third degree is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

*(c) Disclosure by the defendant.*

(1) SUBMISSION TO TESTS, EXAMINATIONS OR INSPECTIONS. Upon written request of the prosecutor, the court may require the defendant:
(i) to perform reasonable acts or undergo reasonable tests for purposes of identification; and
(ii) to submit to reasonable physical or medical inspection or examination of the defendant's body.
Reasonable notice of the time and place for such tests, inspections or examinations shall be given by the prosecutor to the defendant and the defendant's counsel who shall have the right to be present.

(2) DISCLOSURE OF MATERIALS AND INFORMATION. The defendant shall disclose to the prosecutor the following material and information within the defendant's possession or control:
(i) the names and last known addresses of persons whom the defendant intends to call as witnesses, in the presentation of the evidence in chief, together with their relevant written or recorded statements, provided that discovery of alibi witnesses is governed by Rule 12.1, and provided further that statements recorded by the defendant's counsel shall not be subject to disclosure;
(ii) any reports or statements of experts, including results of physical or mental examinations and of scientific tests, experiments or comparisons, which the defendant intends to introduce as evidence at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony;
(iii) any books, papers, documents, photographs, or tangible objects which the defendant intends to introduce as evidence at the trial.

(3) DISCLOSURE OF DEFENSES. The court may require that the prosecutor be informed of the nature of any defense which defense counsel intends to use at trial; provided, that the defense of alibi is governed by Rule 12.1.

*(d) Discretionary disclosure.* Upon a showing of materiality and if the request is reasonable, the court in its discretion may require disclosure as provided for in this Rule 16 in cases other than those in which the defendant is charged with a felony, but not in cases involving violations.

First, we note that, as stated in HRPP Rule 16(a), disclosures are not automatically required in misdemeanor cases such as this one. However, pursuant to HRPP Rule 16(d), the court may, in its discretion, "require disclosure as provided for in this Rule 16" in non-felony cases (except in cases involving

violations), upon a showing of materiality and if the request is reasonable. Thus, a defendant's disclosure of the witness's names and last known addresses can be required pursuant to HRPP Rule 16(c)(2), but not telephone numbers, statements of their testimony, and dates of birth, as was also required by the District Court in this case.

In State ex rel Marsland v. Ames, 71 Haw. 304, 305, 788 P.2d 1281, 1282 (1990), the State petitioned the supreme court for a writ of mandamus directing a district court judge to vacate two pretrial discovery orders. The State contended that the judge abused his discretion and exceeded his authority under HRPP Rule 16(d) by permitting discovery of various items sought in a written motion by the defendant in a misdemeanor Driving Under the Influence of Intoxicating Liquor (DUI) case. Id. at 305-06, 788 P.2d at 1282. The court in Ames held that the judge had "exceeded his jurisdiction by issuing the dual discovery orders in this case and that our intervention is necessary to correct persistent misapplication of HRPP Rule 16(d) in DUI cases heard in our district courts and to establish parameters of permissible discovery in misdemeanor DUI cases." Id. at 308, 788 P.2d at 1283. The supreme court also held that the State could not be compelled to disclose "a written summary of the testimony each witness is expected to give at trial[.]" Id. at 312-13, 788 P.2d at 1286. The court reasoned that discovery not provided for under HRPP Rule 16 could not be compelled under HRPP Rule 16(d), nor could discovery in a misdemeanor case exceed the limits of discovery established by HRPP Rule 16 in a felony case. Id. at 314, 788 P.2d at 1287.

The Ames court held that the trial court "exceeded [its] jurisdiction" when it ordered discovery outside of the scope of HRPP Rule 16. Ames, 71 Haw. at 308, 788 P.2d at 1283. Similarly in this case, the District Court exceeded its jurisdiction by ordering Kaneakua to disclose information other than the names and last known addresses of witnesses, as provided under HRPP Rule 16(c)(2).

In <u>State v. Ahlo</u>, 79 Hawai'i 385, 400, 903 P.2d 690, 705 (App. 1995) (citation omitted), this court held that:

> when a criminal defendant violates Rule 16 by failing to disclose to the prosecutor evidence intended to be used at trial, the trial court must consider the following: (1) whether the defendant was acting maliciously or in bad faith; (2) the extent of prejudice to the prosecution caused by the violation; (3) whether the prejudice could have been cured by measures less severe than excluding evidence; and (4) any other relevant circumstances.

Here, the State concedes that Kaneakua did not act maliciously or in bad faith when he failed to meet the court's deadline for disclosure. The State asserts that substantial prejudice resulted from the defense's failure to timely provide the information because the State "was neither able to conduct background checks of the witnesses nor interview the proffered witnesses[.]" However, the record lacks any argument by the State at trial that it suffered any prejudice, much less substantial prejudice. At trial, the State merely stated that the defense failed to provide all of the "required" information and that the information provided was five days late. There was no argument that providing the information five days late impeded the State's investigation of the witnesses' background or the State's attempt to interview the witnesses. The record reflects that the witnesses' contact information was provided to the State more than two weeks before the trial resumed.

As no prejudice was asserted at trial, no sanction was warranted. Indeed, it appears from the record that the District Court's sanction stemmed, in part, from the District Court's misapprehension that Kaneakua violated a disclosure obligation in the first instance. Moreover, even if there had been some prejudice to the State, such prejudice could have been cured by a less severe sanction against Kaneakua, or more appropriately his defense counsel (<u>see</u> HRPP Rule 16(e)(9)(ii)), especially since defense counsel admitted that he had no explanation as to why he had not obtained witness Barrett Smith's (**Smith**) information while Smith was previously present in court, and counsel stated that he was prepared to take responsibility for his failure to provide the information.

5

Under the circumstances of this case, the District Court abused its discretion when it excluded Kaneakua's two witnesses from testifying as a discovery sanction. Moreover, we cannot conclude that it was harmless error to exclude the testimony of a percipient witness. Nevertheless, based, *inter alia,* on the testimony of the complaining witness, which the District Court found to be credible, there was sufficient evidence to convict Kaneakua of Assault in the Third Degree. Accordingly, we conclude that Kaneakua's conviction must be vacated and remanded for a new trial.

In light of this conclusion, we decline to reach Kaneakua's other points of error.

For these reasons, the District Court's April 28, 2011 Notice of Entry of Judgment and/or Order is vacated, and the case is remanded for a new trial.

DATED: Honolulu, Hawai'i, January 30, 2014.

On the briefs:

Lars Robert Isaacson
for Defendant-Appellant

Roland J.K. Talon
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge